Pedro Sosa **VICENTE**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–74465.
Agency No. A75–879–202.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2004.

Decided May 13, 2004.

Stephen W. Manning, Immigrant Law Group LLP, Portland, OR, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Michael E. Robinson, Attorney, Department of Justice, Washington, DC, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Pedro Fidelino Sosa Vicente, a citizen of Guatemala and a Quiche Mayan Indian, petitions for review of the Board of Immigration Appeals streamlined decision affirming the Immigration Judge's (IJ) denial of his application for asylum and withholding of deportation. We grant the petition and remand for further proceedings.

I

■ Sosa argues that the IJ erred by failing to afford him a presumption of a well-founded fear of future persecution based on past persecution. *See* 8 C.F.R. § 208.13(b)(1)(ii). The IJ credited Sosa's testimony in its entirety, but did not analyze the question of past persecution. Instead, the IJ relied on counsel's apparent willingness to agree, at the hearing, with the IJ's own problematic description of the law regarding past persecution. We hold that the IJ should have assessed Sosa's claim by comparing the purported acts of persecution committed against him with those committed in other cases in which this Court has and has not found past persecution. *See Ruano v. Ashcroft*, 301 F.3d 1155, 1159–60 (9th Cir.2002) (setting forth the methodology for determining past persecution).

In *Ruano*, we recognized that threats in combination with the intrusion into the asylum applicant's home, the close confrontation of his family members, the interrogation of his relatives regarding the applicant's whereabouts, and the applicant's change in "vehicles, residences, offices, phone numbers" as a result of these threats, was the type of treatment that could constitute "past persecution." *Id.* at

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1161. Here, Sosa asserts that, in addition to the written death threats he received, his home was twice broken into by armed officials; the officials closely confronted his family, interrogated them about his whereabouts, and threatened them with death; his three compatriots were "disappeared" concurrently; and, as a result, he felt compelled to leave his home, curtail contact with his family, and eventually leave the country and assume a new identity. Accordingly, we remand so that the agency may consider in the first instance whether Sosa is entitled to a rebuttable presumption of well-founded fear on the basis of past persecution. *See Ventura v. INS,* 317 F.3d 1003, 1005 (9th Cir.2003).

## II

In determining whether the presumption of well-founded fear that arises from past persecution has been rebutted, "information about general changes in the country is insufficient;" rather, the IJ must engage in an "individualized analysis of how changed conditions will affect the specific petitioner's situation." *Lopez v. Ashcroft,* No. 02–73357, 366 F.3d 799, 804–806, 2004 WL 937262, at **5–6 (9th Cir. May 3, 2004) (citations and internal quotation marks omitted). Sosa argues that, had the IJ conducted the requisite "individualized assessment" of the record, the judge would have found substantial evidence to support his claim that indigenous leaders remained victims of substantial human rights abuses at the time of the hearing.

We conclude that the IJ's assessment was not sufficiently individualized with respect to Sosa's leadership of a national indigenous movement. The evidence submitted here – the 1996 and 1997 State Department Country Reports on which the IJ relied, as well as the newspaper articles submitted by Sosa – "presents a mixed picture of the human rights conditions in Guatemala after the conclusion of the 1996 peace accords." *See Lopez,* 366 F.3d at 804–805, 2004 WL 937262, at *5 (describing the 1998 Report). Moreover, Sosa's asylum claim—based primarily on race and social group, rather than political opinion—is different in nature from that of petitioners in *Ventura* and *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003). The violent controversy over the human rights movement with which Sosa was involved as a leader – a movement reflecting deeply entrenched racial and ethnic divisions rather than the political exigencies of a civil war – continued even after the peace accords. In light of the foregoing, we remand to the agency so that it may conduct the appropriate country conditions analysis in the first instance. *See Lopez,* 366 F.3d at 807, 2004 WL 937262, at *7.

PETITION GRANTED; REVERSED AND REMANDED.